UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANDY L. KETCHEN, III,
an individual,

    Plaintiff,

v.                                                  Case No.: 3:23-cv-1504-HLA-MCR

DRJ GAINESVILLE K, LLC,
dba JENKINS KIA OF
GAINESVILLE, a Florida
Limited Liability Company, and
ALLY FINANCIAL, INC., a
Foreign Profit Company,

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte upon Plaintiff Sandy L. Ketchen's Complaint (Dkt. 1). Plaintiff brings this cause of action in this Court under the Federal Odometer Act, 49 U.S.C. § 32710 and 28 U.S.C. §§1331 and 1337, and alleges the Court has pendant jurisdiction over the state claims under 28 U.S.C. §1367. (Dkt. 1, p. 1).

As for the parties, Plaintiff alleges that Plaintiff is a "resident of Duval County, Florida" and that Defendant DRJ Gainesville K, LLC

(the dealership) is licensed as a dealer in the State of Florida and conducts its business in Alachua County, Florida. (Dkt. 1, p. 2). Plaintiff also alleges that Defendant Ally Financial, Inc., is a "Foreign Profit Company authorized to do business in Florida." (Dkt. 1, p. 2). Plaintiff's claims relate to events or omissions that are alleged to have occurred by or at the dealership. (Dkt. 1, pp. 2-16). A civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a defendant is a corporation, it is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction." See 29 U.S.C. § 1391(c)(2). Gainesville, Florida, which is in Alachua County, is served by the United States District Court of the Northern District of Florida. See 28 U.S.C. § 89(a). To determine if venue is proper in this Court requires an analyzation of whether the Middle District of Florida could exercise personal

jurisdiction over Defendants.

Plaintiff has not alleged Defendants maintain a physical address in the Middle District nor have any allegations been made that it conducts any activities in the Middle District that would subject Defendants to personal jurisdiction here. Because neither Defendant is alleged to reside in this District and no facts alleged connect the claims to the Middle District of Florida, Plaintiff is directed to show cause why this action should not be dismissed or transferred to the Northern District of Florida. Accordingly, it is

**ORDERED:**

Plaintiff is Ordered to Show Cause why this action should not be dismissed or transferred on or before January 18, 2024.

**DONE AND ORDERED** at Jacksonville, Florida, this 3 day of January, 2024.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to:
Counsel of Record